UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

TAMI H. DEVEROUX      Case No. 15-51587-PJS
    Chapter 7
Debtor(s)     Hon. SHEFFERLY
_____/

## COUNTY OF COLUMBUS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING FRBP 4001(a)(3)

NOW COMES Creditor, COUNTY OF COLUMBUS, by and through its attorneys, BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C., and for its Motion for Relief from the Automatic Stay states as follows:

1. Debtor filed for relief pursuant to Chapter 7 of the Bankruptcy Code on August 3, 2015.

2. The filing of a bankruptcy effectuated an automatic stay of any and all collection proceedings against the Debtor.

3. Debtor is the owner of vacant land located in Columbus County, North Carolina described as:

> All certain lot or parcel of land identified as <u>Tract 4, containing 18.10 total acres</u> or 17.96 acres, more or less, exclusive of right of way, as shown on that survey for the Anna R. Hill Estate of Western Prong Township, Columbus County, North Carolina, as prepared by Soles & Walker, P.A., P.L.S., dated February 23, 2000, which plat, recorded in <u>Book 67, Page 38,</u> Columbus County Registry, is reference for more particularity of the metes and bounds description contained therein.

The Property is commonly known as Property ID #85505. See attached Schedule A.

4. Debtor has failed to pay the property taxes on the vacant land for tax years 2009 -2015.

5. A Default Judgment and Order for Sale was entered in the District Court of North Carolina on March 10, 2015.

6. There are due and owing to Creditor taxes which have been assessed and levied and which by operation of Section 105-356 of the General Statutes of North Carolina constitute a first lien against the Property.

7. The amount of said lien including interest thereon is computed under the provisions of the

General Statutes of North Carolina Section 105-360.

8. The approximate balance owing Creditor on the Property is $7,738.69 plus accrued interest, costs and attorney fees. See attached Schedule B.

9. Based upon information and belief, the fair market value of the Property is $11,000.00.

10. To the knowledge of Creditor, Ellis Meares & Son, Inc., Jeffrey Lewis, Columbus Eye Associates, O.E., P.A. and John Lewis, O.D. may have an interest in the Property. See attached Schedule C.

11. The Debtor's failure to remit payments has denied Creditor adequate protection and is cause, pursuant to 11 U.S.C. §362(d)(1), to grant Creditor relief from the automatic stay.

12. As required under L.B.R. 9014-1(g), Creditor attempted to obtain concurrence of Debtor's counsel in the relief sought in this motion on August 7, 2015, and concurrence has not been obtained.

WHEREFORE, Creditor respectfully requests that this Honorable Court enter an Order Granting Relief from the Automatic Stay for good cause shown pursuant to 11 U.S.C. §362(d)(1) and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3) and grant whatever other relief the Court deems reasonable under the circumstances.

BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C.

/S/ KAREN L. ROWSE-OBERLE
KAREN L. ROWSE-OBERLE (P41893)
Attorney for Creditor
24525 Harper Avenue
St. Clair Shores, MI 48080
(586) 777-0770
krowse-oberle@bbrolaw.com

Dated: August 10, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

TAMI H. DEVEROUX

Debtor(s)

Case No. 15-51587-PJS
Chapter 7
Hon. SHEFFERLY

/

## ORDER GRANTING COUNTY OF COLUMBUS RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING FRBP 4001(a)(3)

Creditor, COUNTY OF COLUMBUS, submitted a Motion for Relief from the Automatic Stay pursuant to Local Bankruptcy Rule 9014-1. No response has been timely served and a certification so stating has been filed. The Court being fully advised in the premises enters this Order.

IT IS HEREBY ORDERED that the Automatic Stay currently in effect as to COUNTY OF COLUMBUS relative to its security interest in the property commonly known as Property ID #85505, described as All certain lot or parcel of land identified as Tract 4, containing 18.10 total acres or 17.96 acres, more or less, exclusive of right of way, as shown on that survey for the Anna R. Hill Estate of Western Prong Township, Columbus County, North Carolina, as prepared by Soles & Walker, P.A., P.L.S., dated February 23, 2000, which plat, recorded in Book 67, Page 38, Columbus County Registry, is reference for more particularity of the metes and bounds description contained therein, is lifted allowing Creditor to pursue its State law remedies. Upon liquidation of the collateral, Creditor shall file an unsecured Proof of Claim for any remaining balance to be paid on a pro-rata basis with general unsecured creditors; or in the alternative, any surplus shall be turned over to the Chapter 7 Trustee.

IT IS FURTHER ORDERED that this Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.

.

EXHIBIT A

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE

COUNTY OF COLUMBUS    DISTRICT COURT DIVISION

FILE NO. 14 CV 1396

COUNTY OF COLUMBUS
Plaintiff

Vs    DEFAULT JUDGMENT AND ORDER OF SALE

TAMI DEVEROUX; ELLIS MEARES & SON, INC.,
Beneficiary (Lienholder); JEFFREY LEWIS, Beneficiary
(Lienholder); COLUMBUS EYE ASSOCIATES, O.E.. P.A.
and JOHN LEWIS, O.D., Judgementholder (Lienholder),
Defendants

    THIS CAUSE COMING on to be heard before the Clerk of Superior Court of Columbus County, NC on March 10th, 2015 upon Motion of the Plaintiff for Entry of Default Judgment and Order of Sale and upon consideration of the pleadings including Affidavits filed and that Entry of Default had already been Entered by the Clerk of Court and upon a review of the file in this matter and in consideration of the statements of Counsel and based upon the record the COURT FINDS THE FOLLOWING FACTS:

1. That this action was instituted by filing a Complaint and issuance of Summons on the 20th day of October, 2014.

2. That this is an action for the collection of a lien for taxes and for costs and attorney fees due upon the real property described in the Plaintiff's Complaint in Schedule "A" from the Defendant to the Plaintiff with the said property being located within the boundaries of the County of Columbus, State of North Carolina.

3. That personal service was obtained upon all Defendants.

4. That the Court has jurisdiction over the parties and the subject matter of this action.

5. That the Defendant, TAMI DEVEROUX, is not under any disability and has failed to plead or otherwise appear in this action within the time allowed by law.

6. That Entry of Default was entered by the Clerk of Superior Court on the 10th day of March, 2015

7. That there are now due and owing the Plaintiff taxes which have been assessed and levied and which by operation of section 105-356 of the General Statutes of North Carolina constitute a first lien against the real property described in Schedule "A" in the Plaintiff's Complaint. The amount of taxes due to the Plaintiff from the

   Defendant including interest thereon has been computed pursuant to the Statutes and the total amount due and owing to the Plaintiff, from the Defendant, TAMI DEVEROUX, through 2014 including accrued interest as of March, 2015 is $3,047.80. In addition, the Plaintiff has incurred the costs including attorney fees totaling $1,821.44 as of the date of this Order.

8. That the Plaintiff has made application to the Court for the appointment of a Commissioner pursuant to GS 105-374 to conduct a sale of the property described in the Plaintiff's Complaint and has requested that its Attorney of Record, William E. Wood, Whiteville, NC be appointed commissioner.

BASED UPON THE FOREGOING FINDINGS OF FACTS THE COURT CONCLUDES AS A MATTER OF LAW:

1. That the Plaintiff is entitled to a Judgment of Default against the Defendant, TAMI DEVEROUX, for delinquent ad valorum property taxes due to the Plaintiff through 2014 including accrued interest as of March, 2015 totaling $3,047.80 plus interest accruing hereafter;

2. That the Plaintiff is entitled to recover of the Defendant, TAMI DEVEROUX, costs of $1,821.44 including reasonable attorney fees as of the date of this Order plus costs and fees that accrue hereafter plus 5% of the sale price as a Commissioner's fee

3. That the Plaintiff is entitled to an Order of Sale directing the sale of the property described in the Plaintiff's Complaint for the satisfaction of taxes. The Judgment is to be a lien in favor of the Plaintiff as set forth hereinabove together with penalties, interest and costs thereon to be paid to the Plaintiff from the proceeds of said sale.

4. That the lien of the County of Columbus for costs and Attorney fees shall have first priority; then lien of the County of Columbus for ad valorem property taxes and then all remaining liens shall be upon any excess funds following sale and deposited with the Clerk of Court as may be determined by the Clerk of Superior Court of Columbus County, NC.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the taxes, interest and costs totaling $3,047.80 through 2014 including accrued interest as of March, 2015 plus $1,821.44 costs including attorney fees are due and owing from the Defendant, TAMI DEVEROUX, to the Plaintiff be and hereby adjudged to be a Judgment against the Defendant, TAMI DEVEROUX, and a lien in

favor of the Plaintiff upon the real estate of the Defendant described in the Plaintiff's Complaint.

2. That William E. Wood, Attorney At Law, Whiteville, NC be and is hereby appointed Commissioner and is allowed to serve with no bond for the purpose of selling the property of the Defendant, TAMI DEVEROUX, described in the Plaintiff's Complaint. The said Commissioner shall duly advertise for sale and shall sell said property at a public sale to the highest bidder free and clear of all interests, rights, claims and liens whatever except that said sale shall be subject to taxes and costs, the amount of which cannot be definitely determined at the time of the entry of this Judgment.

3. The Commissioner appointed hereinabove shall be entitled to a Commissioner's fee of 5% of the purchase price.

4. That the property to be sold by the Commissioner is the tract described in the Plaintiff's Complaint in Schedule "A".

5. That the sale shall take place at the Columbus County Courthouse Door, Courthouse Square, Whiteville, Columbus County, North Carolina.

6. That the terms of the sale shall be a cash deposit of 20% of the purchase price or $750 whichever is greater, payable at the office of the Commissioner by 5:00 p.m. on the date of sale with the balance remaining due to be paid in full by cash or certified funds within three days thereafter at the office of the Commissioner.

7. Following the sale the Commissioner shall file a Report of Sale with the Clerk of Superior Court of Columbus County within three (3) days following the sale. The Commissioner shall also obtain from the Clerk a Judgment of Confirmation following the expiration of ten (10) days from the time allowed for upset bids or the filing of the Report of Sale (whichever is later).

8. The Commissioner shall deliver a Commissioner's Deed for the subject property to the successful bidder within ten (10) days of the Judgment of Confirmation.

9. The Commissioner shall file a Final Report with the Clerk within five (5) days of the deliver of the Deed.

10. Out of the funds realized from sale the Commissioner shall first say pay Court costs and Attorney fees totaling $1,821.44 plus any additional fees and costs that may accrue between March 10, 2015 and the submission of the Final Report of the Commissioner and the delivery of the Deed; then the Commissioner shall pay to the County of Columbus ad valorem property taxes through 2014 including accrued interest as of March, 2015 totaling $3,047.80 plus any additional interest and taxes

accruing hereafter; and then the Commissioner shall pay the balance of the proceeds of sale into the Office of the Clerk of Superior Court of Columbus County, NC with the priority of liens and disbursement of funds to be determined by the Clerk of Superior Court.

Entered this the \_\_\_\_10th\_\_\_\_ day of March, 2015.

_____
AMY W. NANCE
ASSISTANT CLERK OF COURT

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE

COUNTY OF COLUMBUS    DISTRICT COURT DIVISION

FILE NO.: 14 CV 1396

COUNTY OF COLUMBUS,
Plaintiff

vs    ENTRY OF DEFAULT

TAMI DEVEROUX; ELLIS MEARES & SON, INC.,
Beneficiary (Lienholder); JEFFREY LEWIS, Beneficiary
(Lienholder); COLUMBUS EYE ASSOCIATES, O.E.. P.A.
and JOHN LEWIS, O.D., Judgementholder (Lienholder),
Defendant

Upon examination of the records in this matter, along with the Affidavit of the Plaintiff's Counsel, the facts as set forth in said Affidavit are hereby found to be true and correct and upon Motion of the Plaintiff, Default is hereby entered against the Defendant, TAMI DEVEROUX, as provided by G.S. 1A-1, Rule 55 (a).

This the \_\_\_10th\_\_\_ day of March, 2015.

_____
AMY W. NANCE
ASSISTANT CLERK OF SUPERIOR COURT

## SCHEDULE "A"

All certain lot or parcel of land identified as <u>Tract 4, containing 18.10 total acres</u> or 17.96 acres, more or less, exclusive of right of way, as shown on that survey for the Anna R. Hill Estate of Western Prong Township, Columbus County, North Carolina, as prepared by Soles & Walker, P.A., P.L.S., dated February 23, 2000, which plat, recorded in <u>Book 67, Page 38,</u> Columbus County Registry, is reference for more particularity of the metes and bounds description contained therein.

For further chain of title see the Estate of Anna R. Hill in 86-E-29 located in the Office of the Clerk of Superior Court for Columbus County, North Carolina, and Deeds in Book 116, Page 468; Book 156, Page 559-560; and Book 177, Page 739. Also see Map Book 2, Page 70, Lots 5 & 6.

This being the sane property conveyed to Jonathan P. Williamson by deed dated February 29, 2000, from Luther Thomas Hill, et al, and recorded in Book 618, Page 514, Columbus County Registry. See also Book 616, Page 723, Columbus County Registry.

Being the same property conveyed by Jonathan P. Williamson and wife, Heather T. Williamson, to Tami Deveroux by Deed dated May 6, 2008, recoded in Book 929, Page 131, Columbus County Registry.

Schedule "B"

Date: 8/06/15    Statement of Taxes Due    Page: 1 of 2
                 Columbus County
                 Whiteville, NC  28472

Acctno:   324              Township: Western Prong    Taxes

DEVEROUX TAMI
19932 W DOYLE PL
GROSSE POINT WOODS  MI   48236

| YR Bill# | Map ID/ Prop# | County | Districts | User Fees | LList | Interest | Adv Cst | Total | Taxes Due |
|---|---|---|---|---|---|---|---|---|---|
| 2008-55140 9/30/09 | 9746 3.500 ACRS | 58.68 58.68 | 14.36 14.36 | .00 .00 | .00 .00 | 6.08 6.08 | 3.00 3.00 | 82.12 82.12 | .00 |
| 2009-23268 9/30/09 | 9746 3.500 ACRS | 58.68 58.68 | 9.36 9.36 | .00 .00 | .00 .00 | .00 .00 | .00 .00 | 68.04 68.04 | .00 |
| 2009-23269 0/00/00 | 85505 17.960 ACRS | 317.04 .00 | 55.57 .00 | .00 .00 | .00 .00 | 196.26 .00 | 3.00 .00 | 571.87 .00 | 571.87 |
| 2010-34983 0/00/00 | 85505 17.960 ACRS | 317.04 .00 | 55.57 .00 | .00 .00 | .00 .00 | 162.46 .00 | 3.00 .00 | 538.07 .00 | 538.07 |
| 2011-33174 0/00/00 | 85505 17.960 ACRS | 317.04 .00 | 55.57 .00 | .00 .00 | .00 .00 | 128.65 .00 | 3.00 .00 | 504.26 .00 | 504.26 |
| 2012- 7669 0/00/00 | 85505 17.960 ACRS | 317.04 .00 | 81.69 .00 | .00 .00 | .00 .00 | 101.35 .00 | 3.00 .00 | 503.08 .00 | 503.08 |
| 2013-17611 0/00/00 | 85505 17.960 ACRS | 371.11 .00 | 96.81 .00 | .00 .00 | .00 .00 | 76.52 .00 | 3.00 .00 | 547.44 .00 | 547.44 |
| 2014-67640 0/00/00 | 85505 17.960 ACRS | 371.11 .00 | 71.46 .00 | .00 .00 | .00 .00 | 32.30 .00 | 3.00 .00 | 477.87 .00 | 477.87 |
| 2015-28518 0/00/00 | 85505 17.960 ACRS | 305.90 .00 | 36.00 .00 | .00 .00 | .00 .00 | .00 .00 | .00 .00 | 343.90 .00 | 337.02 |
| Taxes: Payments: | .00 | 2,433.64 117.36 | 478.39 23.72 | .00 .00 | .00 .00 | 703.62 6.08 | 21.00 3.00 | 3,636.65 150.16 | 3,479.61 |



Total Due $ 7,738.69

**FEE100**                Maintain Fees Payable File                    8/06/15

                    324 DEVEROUX TAMI                      pg 2 of 2

Type options, press Enter.
  2=Change   4=Delete   5=Show payments   *Legal fees*

         Opt    Date Added    Fee Amount    Collected
          _      8/04/15       3,533.08          .00
          _      8/06/15         676.00          .00

                                                                         Bottom

F3=Exit   F6=Add   F9=List

Device: wm, IP Address: 10.0.1.99 Printed: Thursday, August 06, 2015 15:53:20

SCHEDULE "C"

1.  ELLIS MEARES & SON, INC. is the Beneficiary of a Deed of Trust from the Defendant's predecessor in title, T. Harold Hill and Joyce C. Hill, upon the subject property securing an original indebtedness in the amount of $130,694.01 with said Deed of Trust dated February 16, 1990 and recorded in Deed of Trust Book 250, Page 552, Columbus County Registry.

2.  JEFFREY LEWIS is the Beneficiary of a Deed of Trust from the Defendant's predecessor in title, Jonathan P. Williamson, upon the subject property securing an original indebtedness in the amount of $7,000.00 with said Deed of Trust dated November 5, 2001 and recorded in Book 671, Page 29, Columbus County Registry.

3.  COLUMBUS EYE ASSOCIATES, O.E.. P.A. and JOHN LEWIS, O.D., is the Judgmentholder of a Judgment against the Defendant TAMI DEVEROUX with said Judgment entered March 8, 2012 in Columbus County Case No. 11 CVD 394 in the amount of $8,095.00 plus interest and costs.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

TAMI H. DEVEROUX

Debtor(s)

Case No. 15-51587-PJS
Chapter 7
Hon. SHEFFERLY

/

## MEMORANDUM IN SUPPORT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND
## ENTRY OF ORDER WAIVING FRBP 4001(a)(3)

Creditor, COUNTY OF COLUMBUS, bases its Motion for Relief from the Automatic Stay on the Debtor's failure to remit payments for yearly tax assessments on the property commonly known as Property #85505 pursuant to the agreement between the parties. Creditor relies upon 11 U.S.C. §362(d)(1) and states that the Debtor's failure to remit payments has denied Creditor adequate protection and is cause for relief from the automatic stay.

BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C.

/s/ KAREN L. ROWSE-OBERLE
KAREN L. ROWSE-OBERLE (P41893)
Attorney for Creditor
24525 Harper Avenue
St. Clair Shores, MI 48080
(586) 777-0770
krowse-oberle@bbrolaw.com

Dated: August 10, 2015

Form B20A (Official Form 20A)
12/1/10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

TAMI H. DEVEROUX            Case No. 15-51587-PJS
                                         Chapter 7
Debtor(s)                          Hon. SHEFFERLY
_____/

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING FRBP 4001(a)(3)

Creditor, COUNTY OF COLUMBUS, has filed papers with the Court requesting relief from the automatic stay regarding the property commonly known as Property #85505.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief from the automatic stay, or if you want the court to consider your views on the motion, within **fourteen (14) DAYS**, you or your attorney must:

1. File with the court a written response or answer explaining your position at:[1]
United States Bankruptcy Court
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **RECEIVE** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:
Butler, Butler & Rowse-Oberle, P.L.L.C.
24525 Harper Avenue
St. Clair Shores, MI 48080

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

BUTLER, BUTLER & ROWSE-OBERLE, P.L.L.C.

/S/ KAREN L. ROWSE-OBERLE
KAREN L. ROWSE-OBERLE (P41893)
Attorney for Creditor
24525 Harper Avenue
St. Clair Shores, MI 48080
(586) 777-0770
krowse-oberle@bbrolaw.com

Dated: August 10, 2015

[1]Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In Re:

TAMI H. DEVEROUX

Debtor(s)

Case No. 15-51587-PJS
Chapter 7
Hon. SHEFFERLY

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on August __10__, 2015, I electronically filed the Motion for Relief from the Automatic Stay and Entry of Order Waiving FRBP 4001(a)(3) and Notice of Opportunity to Object foregoing Paper(s) with Clerk of the Court using the ECF system which will send notification of such filing to the following:

**-Thomas D. Wininger, Attorney for Debtor**
**-Michael Stevenson, Chapter 7 Trustee**

and that I have mailed on August __10__, 2015, by United States Postal Service the Notice of Opportunity to Object foregoing Paper(s) to the Non-ECF Participants:

**-Tami H. Deveroux, Debtor, 10000 Harbor Place, Saint Clair Shores, MI 48080**

**-Carl W. Meares Jr., RSA, Ellis Meares & Son, Inc., 106 Main Street, Fair Bluff, NC 28439**

**-Jeffrey Lewis, 800 North Main Street, Bladenboro, NC 28320**

**-John L. Lewis, RSA, Columbus Eye Associates, O.D., P.A. and John Lewis O.D., 221 Jefferson Street, Whiteville, NC 28472**

BUTLER, BUTLER & ROWSE-OBERLE, PLLC

/S/ Bridgette Dockery
Legal Assistant
Butler, Butler & Rowse-Oberle, P.L.L.C.
24525 Harper Avenue
St. Clair Shores, MI 48080
(586) 777-0770
info@bbrolaw.com